NICOAL T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JOSEPH T. MCNALLY (Cal. Bar No. 250289)
Assistant United States Attorney
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2272
     Facsimile: (213) 894-2201
     E-mail:    joseph.mcnally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CV 18-1771-JVS |
|---|---|
| Plaintiff, | No. SA CR 11-132-JVS |
| v. | GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 |
| JULIO CESAR VARGAS, | |
| Defendant. | |

   Plaintiff, by and through its attorney of record, the United States Attorney for the Central District of California, hereby moves to dismiss defendant's motion for relief pursuant to 28 U.S.C. § 2255.

   ////

   ////

   ////

   ////

   ////

   ////

The government's motion is based on the attached memorandum of points and authorities and the records and files in this case.

Dated: November 5, 2018				Respectfully submitted,

						NICOLA T. HANNA
						United States Attorney

						LAWRENCE S. MIDDLETON
						Assistant United States Attorney
						Chief, Criminal Division


						      /s/
						_____
						JOSEPH T. MCNALLY
						Assistant United States Attorney

						Attorneys for Plaintiff
						UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On September 28, 2018, petitioner-defendant Julio Cesar Vargas ("defendant") filed a petition for relief from his sentence pursuant to 28 U.S.C. § 2255. In his petition, defendant alleges that his counsel provided ineffective assistance because: (1) counsel failed to explain to him the appellate and collateral attack waivers in his plea agreement and (2) counsel failed to advise him that deportation was certain based on the charge to which he pleaded guilty. Defendant's petition is untimely. Defendant was required to file the petition within one year of defendant's conviction becoming final, which was on January 19, 2016. Defendant has not met his burden to establish that equitable tolling is applicable. The petition must be dismissed.

**II. FACTUAL BACKGROUND**

On June 15, 2011, a grand jury indicted defendant for conspiracy to distribute a firearm without a license and distribution of controlled substances. (CR 1). On September 17, 2013, defendant entered into a plea agreement with the government where he agreed to plead guilty to distribution of controlled substances. (CR 388). Defendant entered his guilty plea on September 23, 2013. (CR 394). On January 5, 2015, the Court sentenced defendant to 51 months' imprisonment and three years' supervised release. (CR 634). Defendant did not appeal his conviction.

**III. DEFENDANT'S PETITION SHOULD BE DISMISSED BECAUSE IT IS NOT TIMELY**

Section 2255 provides that a "1-year period of limitation" applies, and runs from the "date on which the judgment of conviction

becomes final." 28 U.S.C. § 2255.[1] A defendant's conviction becomes final, when he does not seek an appeal, at the time to file the notice of appeal expires -- that is, 14 days after the entry of judgment. See Fed. R. App. P. 4(b); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2000). In this case, defendant's conviction became final on January 19, 2015 -- 14 days after he was sentenced and the time-period for filing an appeal lapsed.[2] Defendant did not file his § 2255 motion until September 28, 2018 -- more than one year after his conviction became final. As a result, his motion is time-barred and should accordingly be dismissed.

Defendant is also not entitled to any equitable tolling of the limitations period that would render his untimely § 2255 motion timely. Although equitable tolling applies in the § 2255 context, see United States v. Battles, 362 F.3d 1195 (9th Cir. 2004), defendant is not eligible for such tolling. Equitable tolling is an onerous burden, and one the defendant bears. See United States v. Marolf, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999); accord Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (noting the "high hurdle" of proving equitable tolling).

To be eligible, a prisoner must demonstrate two facts. First, there are "extraordinary circumstances beyond [the defendant's] control that make it impossible to file a petition on time." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds, Calderon v.

---

[1] There are three other possible commencement dates for the limitations period (i.e., unconstitutional government interference with filing his motion, reliance on a new constitutional right, or reliance on newly discovered facts). Defendant fails to state any circumstances that would trigger these commencement dates.

[2] Defendant did not file a direct appeal.

1  United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en
2  banc); accord Schwartz, 274 F.3d at 1224.  Second, "the extraordinary
3  circumstances were the cause of his untimeliness."  Laws v. Lamarque,
4  351 F.3d 919, 922 (9th Cir. 2002) (quoting Spitsyn v. Moore, 345 F.3d
5  796, 799 (9th Cir. 2003) (internal quotation marks and citation
6  omitted)).  This is an onerous burden, and one the defendant bears.
7  See United States v. Marolf, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999);
8  accord Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (noting
9  the "high hurdle" of proving equitable tolling).
10      The Ninth Circuit has found equitable tolling to be applicable
11 in only a narrow class of cases, none of which is implicated in this
12 case.  See, e.g., Corjasso, 278 F.3d at 878-79 (district court
13 erroneously dismissed a "mixed" habeas petition and did not return
14 documents to defendant that he would need to file timely habeas
15 petition); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)
16 (prison officials improperly handled habeas petition and caused it to
17 be filed late); Lott v. Mueller, 304 F.3d 918, 922-25 (9th Cir. 2002)
18 (prison officials denied defendant access to his legal files);
19 Lamarque, 351 F.3d at 923-24 (defendant's mental incompetence).
20 Reliance on bad advice from counsel, on the other hand, does not toll
21 the limitations period.  See Miranda v. Castro, 292 F.3d 1063, 1067-
22 68 (9th Cir.), cert. denied, 537 U.S. 1003 (2002); Frye v. Hickman,
23 273 F.3d 1144, 1146 (9th Cir. 2001), cert. denied, 535 U.S. 1055
24 (2002).
25     Defendant's petition fails to cite any circumstances that would
26 support equitable tolling.  His petition should be dismissed.
27
28