UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 18-01771 JVS**  (SACR 11-00132 JVS ) | Date | February 5, 2019 |
| Title | Julio Cesar Vargas  v.  United States of America | | |

Present: The Honorable    James V. Selna

| Ivette Gomez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                                  Not Present

**Proceedings:**    **(In Chambers)**    Order Dismissing Section 2255 Petition

Petitioner Julio Cesar Vargas ("Petitioner"), a federal prisoner proceeding pro se, applied to the Court for relief under 28 U.S.C. § 2255 based on violations of his Sixth Amendment rights.  (CV 1).[1]  The Government opposes the motion and moves to dismiss as time-barred.  (CV 11).  Petitioner filed his reply.  (CV 13).

For the following reasons, the motion is **DISMISSED**.

## I.    Background

On June 15, 2011, a grand jury indicted Petitioner and sixteen co-defendants for conspiracy to distribute firearms without a license and distribution of controlled substances.  (CR 1).  Pursuant to a plea agreement, Petitioner pled guilty to the distribution of controlled substances charge.  (CR 394).

At his change of plea hearing, after finding Petitioner in full possession of his faculties, the Court advised Petitioner of the rights he would be forfeiting as a result of pleading guilty, such as the right to a trial before a jury and, if convicted, the right to appeal his sentence and conviction.  (RT 09/23/2013 at 6:23-8:13).

The Court also inquired as to whether Petitioner was satisfied with the representation counsel, Bernard J. Rosen, had provided him:

---

[1] "CV" refers to SACV 18-01771 JVS; "CR" refers to SACR 11-0132 JVS.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. **SACV 18-01771 JVS**  (SACR 11-00132 JVS )   Date  February 5, 2019

Title   Julio Cesar Vargas  v.  United States of America

> THE COURT: Mr. Vargas, are you satisfied with the representation that Mr. Rosen has provided to you in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you feel that he has fully considered any defense you may have to the charge?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you believe that he has fully advised you concerning this matter?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you feel that you have had enough time to discuss the case with him?
>
> THE DEFENDANT: Yes.

(RT 09/23/2013 at 26:11-14).

Further, because Petitioner is not a citizen of the United States, the Court made clear that deportation was a possible of pleading guilty[2]:

> THE COURT: Are you a citizen of the United States?
>
> THE DEFENDANT: No.
>
> THE COURT: If you are not a U.S. citizen, do you understand that a plea of guilty may subject you to immediate deportation proceedings, denial of U.S. citizenship should you apply, and/or

---

[2] The plea agreement also notified Petitioner that deportation was a possible risk. (CR 388 at ¶ 11).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. **SACV 18-01771 JVS**  (SACR 11-00132 JVS )   Date February 5, 2019

Title   Julio Cesar Vargas  v.  United States of America

denial of permanent resident status should you apply?

THE DEFENDANT: Yes.

(RT 09/23/2015 at 18:9-17).

After indicating that he understood the rights he would be giving up, and the risks associated with pleading guilty to the charge, the Court accepted Petitioner's guilty plea:

> THE COURT: Having in mind all we have discussed regarding your plea of guilty, the rights you will be giving up, and the maximum sentence you might receive, is it still your desire to plead guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: How do you plead to Count 28 of the Indictment?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: I'm going to make certain findings. . . .
>
> The Court having questioned the defendant and his counsel on his offer to plead guilty to Count 28 of the Indictment, a felony; the defendant and his counsel having advised the Court that they have conferred concerning the offered plea of guilty and all aspects of the charge against the defendant and any defenses he may have; and the Court having observed the defendant's intelligence, demeanor, and attitude while answering questions; and the Court having observed that the defendant does not appear to be under the influence of any medicine, drug, or other substance or factor which might affect his actions or judgment in any manner; the Court now therefore finds that there is a factual basis for the plea.

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  **SACV 18-01771 JVS**   (SACR 11-00132 JVS )   Date  February 5, 2019

Title   Julio Cesar Vargas  v.  United States of America

> The Court finds that Julio Cesar Vargas has entered his plea freely
> and voluntarily with a full understanding of the charge against him
> and the consequences of his plea.
>
> The Court finds that the defendant understands his constitutional
> and statutory rights and wishes to waive them.
>
> Accordingly, it is ordered that the plea be accepted and entered
> into the records of this Court.

(RT 9/23/2015 at 27:18-29:1).

On January 5, 2015, the Court sentenced Petitioner to 51 months imprisonment and three years supervised release. (CR 634). Petitioner did not appeal, and his conviction became final on January 19, 2015, fourteen days after the entry of judgment. See Fed R. App. P. 4(b); United States v. Schwartz, 274 F.3d 1220, 1223. (9th Cir. 2000). Petitioner filed this motion on September 28, 2018. (CV 1). The Government moves to dismiss the petition as untimely. (CV 11).

**II.   Discussion**

"Pro se habeas petitioners occupy a unique position in the law." Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002). "Prisoners are often unlearned in the law. . . . Since they act so often as their own counsel in habeas corpus proceedings, we cannot impose on them the same high standards of the legal art which we might place on the members of the legal profession." Price v. Johnston, 334 U.S. 266, 292 (1948), overruled on other grounds by McCleskey v. Zant, 499 U.S. 467, 111 (1991). Accordingly, the Court construes Plaintiff's claims liberally, giving careful consideration to each of his claims.

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States . . . may move the court which imposed the

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  **SACV 18-01771 JVS**   (SACR 11-00132 JVS )    Date  February 5, 2019

Title     Julio Cesar Vargas  v.  United States of America

sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a).

A one-year limitations period applies to § 2255 motions. 28 U.S.C. § 2255(f). There are four possible commencement dates for the limitations period, the latest of either: (1) the date on which the judgment becomes final; (2) the date on which an impediment to filing created by the government is removed, (3) the date on which the Supreme Court recognizes a new constitutional right, retroactively applied on collateral review; or (4) the date on which the factual predicate for the claim could have been discovered through the exercise of due diligence. Id.

  A. Commencement date of the limitations period

The Government argues that the commencement date for the limitations period should be January 19, 2015 because that is the day Petitioner's judgment became final. Thus, the Government argues, the last day to file the motion timely was January 19, 2016. Petitioner filed this motion on September 28, 2018, well past the last day to file. Petitioner's motion, the Government argues, should thus be dismissed.

Although it is unclear exactly what date he argues the commencement date should be, Petitioner argues that the limitations period should have began when he became aware that he was subject to deportation. Petitioner maintains that his counsel did not clearly advise him regarding the possibility of deportation as a result of pleading guilty, and he only became aware of the risk when he was served a Notice to Appear at deportation proceedings.[3] Presumably, Petitioner argues that the basis for relief under § 2255—that his counsel's performance was unconstitutionally deficient because counsel failed to explain the deportation risk—was discovered less than a year before filing, rendering his petition timely. See 28 U.S.C. § 2255(f)(4). The Court disagrees.

Petitioner was fully aware of the consequences of pleading guilty, including certain rights he would be giving up and the likelihood of deportation, when he entered his guilty

---

[3] Petitioner has not provided the Court with a copy of the Notice to Appear.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  SACV 18-01771 JVS   (SACR 11-00132 JVS )   Date  February 5, 2019

Title    Julio Cesar Vargas  v.  United States of America

plea. The Court found Petitioner fully competent at the hearing, observing Petitioner's intelligence, demeanor, and attitude while answering the Court's questions. Further, the Court observed that Petitioner did not appear to be under the influence of medicine, drugs, or other substances that might have affected his judgement. When Petitioner told the Court that he was not a U.S. citizen, the Court clearly advised Petitioner that pleading guilty could subject him to "immediate deportation proceedings." Petitioner did not ask the Court to clarify this risk, nor did he indicate a desire to confer further with counsel. Rather, Petitioner indicated he was satisfied with his counsel's performance and understood that deportation was a possible result of pleading guilty. Keeping that risk in mind, Petitioner nevertheless pleaded guilty. The record clearly reflects this. There is additional evidence that Petitioner was aware of the risk of deportation. The plea agreement Petitioner signed clearly stated that pleading guilty to the felony charge in his case may result in deportation. Thus, the predicate of Petitioner's claim was discovered the day he pleaded guilty, if not well-before. Therefore, the last day to file a timely habeas petition was a year after his judgment became final, i.e., January 19, 2016. Because the petition was filed in September of 2018, the Petition should be dismissed as untimely unless equitable tolling applies.

B.  Equitable tolling

Equitable tolling of the limitations period applies to § 2255 motions. See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). For equitable tolling to apply, a petitioner must establish (1) that "extraordinary circumstances" beyond the petitioner's control made it impossible to file a petition on time and (2) that the extraordinary circumstances were the cause of the petitioner's untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003) (internal quotation marks and citation omitted).

"[T]he threshold necessary to trigger equitable tolling [under § 2255] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). "Thus, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases." Coleman v. Allison, 223 F. Supp. 3d 1035, 1058 (C.D. Cal. 2015), aff'd sub nom. Coleman v. Sherman, 715 F. App'x 756 (9th Cir. 2018); see also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  **SACV 18-01771 JVS**  (SACR 11-00132 JVS)    Date  February 5, 2019

Title     Julio Cesar Vargas  v.  United States of America

force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

Petitioner argues that equitable tolling should apply because he acted diligently in "determining a possible avenue for relief" once he was noticed to appear at deportation proceedings. Petitioner argues, citing Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), that the limitations period should be equitably tolled because he is a "civil detainee who has acted in good faith to pursue his claims." Petitioner's reading of Jones, however, is misguided.

The Court in Jones dealt with California's equitable tolling provision as it applied to § 1983 claims. Id. California law provides for the tolling of a statute of limitations for a period of up to two years based on the disability of imprisonment, which explicitly applies to plaintiffs imprisoned on a criminal charge. Cal. Civ. Proc. Code § 352.1. The question in Jones was whether the statute also applies to a civil detainee. Jones, 393 F.3d at 927–30. Statutory interpretation of California law is irrelevant in this case. The statute of limitations under federal law, namely § 2255, and relevant case law guides this Court's analysis; Jones does not control.

Petitioner argues that he was unaware he was at risk of deportation, and that, since being noticed to appear at deportation proceedings, he has acted diligently in filing this motion. Diligence, however, is only a part of the requirements. Under the law, Petitioner must show that some extraordinary circumstance inhibited his ability to file on time. This he does not do.

For example, in Miles v. Prunty, 187 F.3d 1104 (9th Cir. 1999), the petitioner prepared a habeas petition before the limitations period had expired. The petitioner gave his documents to prison guards, along with mailing instructions and instructions to draw a check to pay the Court's filing fee. The petitioner relied on the prison authorities to send his petition to the Court before the deadline. However, by the last day to file, the prison authorities failed to mail the petition. The petitioner attempted again to file his petition, but it was too late. The Court of Appeals held that the limitations period should be equitably tolled in his case, given that petitioner acted diligently to submit his petition timely and relied upon the prison authorities to mail it to the Court, i.e., circumstances

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. **SACV 18-01771 JVS**  (SACR 11-00132 JVS )  Date  February 5, 2019

Title  Julio Cesar Vargas  v.  United States of America

entirely beyond the petitioner's control made it impossible to file on time.  <u>Miles</u>, 187 F.3d at 1107.

Here, Petitioner may have been diligent in preparing his petition, but that does not explain why he waited until he received notice to appear at deportation proceedings to do so.  As discussed above, Petitioner was aware of the possibility of deportation when he pleaded guilty.  Petitioner cannot claim his counsel failed to apprise him of such risk.  Thus, the Court finds nothing extraordinary stood between Petitioner and the filing of his petition on time.  Equitable tolling does not apply.  Accordingly, the motion is dismissed.

## III. Conclusion

For the foregoing reasons, the motion is **DISMISSED**.

:  00

Initials of Preparer  kjt